# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA HUDSON D., | Case No. 1:14-CV-01855-LJO-SKO |
| Plaintiff, | **ORDER THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITH 30 DAYS LEAVE TO AMEND** |
| v. | |
| KATHERINE L. ARCHUELETA, Director, Office of Personnel Management, | (Doc. 1) |
| Defendants. | |

## I. INTRODUCTION

On November 24, 2014, Plaintiff Dana Hudson D. ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action against Defendant Katherine L. Archeuleta, the Director of the Office of Personnel Management, apparently in her official capacity ("Defendant"). (Doc. 1.) For the reasons set forth below, Plaintiff's complaint is DISMISSED without prejudice and with leave to amend.

## II. PLAINTIFF'S ALLEGATIONS

From what the Court can discern from Plaintiff's complaint, which is neither organized nor clear, Plaintiff began working for the United States Postal Service on October 7, 1977, as a "LSM Machine Operator" and as a "Mail Carrier" beginning in 1983. (Doc. 1, 2.) In the course of her

duties as a mail carrier, Plaintiff alleges that she sustained injuries to her right knee on August 5, 1988, and to her left knee on October 20, 1993.  (Doc. 1, 2.)

Plaintiff was placed "on the Office of Workers' Compensation rolls" at some point, and her benefits were terminated in October of 2003 as the result of "discrimination and interferences" "in violation of [the] Rehabilitation Act[.]"  (Doc. 1, 2.)  Plaintiff claims she requested and was granted a hearing to review the termination of her Workers' Compensation benefits, and that her "rights to due process were violated when [she] received a copy of the transcript and requested correction and/or amendment."  (Doc. 1, 2.)  It is unclear from the complaint whether Plaintiff is alleging that Defendant or another entity is responsible for the termination of her Workers' Compensation Benefits or for the issue regarding correction of the hearing transcript.

Plaintiff further alleges that "[a]s further disparate treatment without notification [she] was denied the right to due process and terminated on May 9, 2008 without ever [being returned] to work with reasonable accommodations in violation of the Rehabilitation Act[.]"  (Doc. 1, 3.)  It is unclear how Defendant or another entity is responsible for not returning her to work with reasonable accommodations.  There are no facts explaining Defendant's conduct, and what accommodation was not provided.

Plaintiff applied for "disability retirement" with the Defendant on August 12, 2010, and then again in February 2013.  (Doc. 1, 2-3.)  She alleges that she contacted the Defendant directly on April 9, 2013, "to inquire about retirement as detriment and disadvantage" and was told she should "[g]et another government job" to become eligible for disability retirement.  (Doc. 1, 4.)  On December 18, 2013, Plaintiff received a denial letter from Defendant denying her disability retirement because she "will not become 62 years of age until January 28, 2020, [and therefore does] not meet the age requirements for a deferred retirement annuity."  (Doc. 1, 4.)  Plaintiff appealed the denial of disability retirement benefits to the Merit System Protection Board ("MSPB") on January 3, 2014, and her appeal was denied on March 6, 2014.  (Doc. 1, 4.)

Plaintiff alleges that in denying her request for disability retirement, the Defendant "continuously discriminated" against her based on her "disabilities," and denied Plaintiff "equal opportunity as disparate treatment" by refusing to grant her disability retirement benefits despite

her having "28 years and 7 months of creditable service." (Doc. 1, 2, 4.) Plaintiff contests the denial of disability retirement benefits, as the MPSB's denial letter "did not address the issues and/or allegations of discrimination in violation of Title VII of the Civil Rights Act[.]" (Doc. 1, 4.)

Plaintiff alleges that she filed a complaint with the Equal Employment Opportunity Commission (EEOC) on July 16, 2014, and received a letter on October 30, 2014, informing her that "the MSPB did not address the issues and/or allegations of discrimination in violation of Title VII of the Civil Rights Act…therefore EEOC does not have jurisdiction [and she] (*sic*) can file a civil action in district court." (Doc. 1, 4-5.) It is unclear from the complaint whether Plaintiff received an actual "right-to-sue" letter from the EEOC, as one is not attached as an exhibit to the complaint.

Plaintiff has not worked since December 26, 1999, as a result of her "worn out knee replacement and surgeries," and has been deemed totally and/or permanently disabled since May 28, 2010, when she was granted Social Security Disability benefits. (Doc. 1, 2-3.) Plaintiff has had "numerous surgeries to [her] right knee including an infection and chronic pain several of the surgeries required knee replacements May 2010, June 2010, July 2010, May 2003, October 2002, May 2002, January 2001, June 1990, 1979 and 1972 (*sic*)" and had additional surgeries in May and August of 2013 "due to infection and botched and/or failed knee replacement." (Doc. 1, 2, 4.) Plaintiff alleges "civil rights violations were committed against [her] including botched and/or failed knee replacements and attempt (*sic*) to have [her] right leg amputated." (Doc. 1, 5.)

Plaintiff alleges that those "civil rights violations were based on (R) African American, (S) Female (A) 50 years old (G) Female (R) Baptist and (D) Diagnosed and accepted as right and left knee Patellofemoral Chondromalacia and Arthritis Syndrome, Asthma and Plantar Fasciitis both feet." (Doc. 1, 5.) Plaintiff also contends that "it is alleged with false accusations [she] went dancing and camping that is how [she] sustained [her] job related injuries." (Doc. 1, 5.) It is unclear from the complaint whether Plaintiff is alleging that Defendant or another entity is responsible for these violations and allegations. There are no facts alleging actions attributable to Defendant, or how Defendant allegedly harmed her.

Plaintiff requests the Court to reinstate her Workers' Compensation benefits, as "if the discrimination had not occurred with creditable service 36 years and 11 months and disability retirement." (Doc. 1, 6.) She also requests both "front pay for unlawful termination" and "back pay in order to make whole for all terms and conditions of employment with monetary value[,]" as well as compensatory damages and punitive damages "for the harm suffered botched and failed knee replacements, sustain plantar fasciitis and wrong doing of unlawful termination (*sic*)." (Doc. 1, 6.) She asks the Court to appoint an attorney, with fees and costs included in the relief requested. (Doc. 1, 6.) Finally, Plaintiff requests injunctive relief, asking the Court issue orders enjoining "the discrimination, civil rights violations and disparate treatment[.]"

### III.  SCREENING STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the Court determines the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may not simply allege a wrong has been committed and demand relief. The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 570). Further, while factual allegations are accepted as true, legal conclusions are not. *Id.* (quoting *Twombly*, 550 U.S. at 555).

## IV. DISCUSSION

**A.  Plaintiff Fails to Plead a Cognizable Federal Claim**

Plaintiff alleges claims for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* (Doc. 1.) Although both Title VII of the Civil Rights Act and Section 504 of the Rehabilitation Act prohibit discrimination on the basis of disability, Title VII is only applicable in an employer-employee context, while the Rehabilitation Act prohibits discrimination in all federally funded programs. *See* 42 U.S.C. § 2000e-2(a), 29 U.S.C. § 794(a). Though Plaintiff concludes that the termination of her Workers' Compensation benefits and denial of disability retirement were based on "discrimination, civil rights violations and disparate treatment" in violation of both laws, she fails to allege facts setting forth actions attributable to Defendant, or how Defendant allegedly harmed her.

**1.  Plaintiff Does Not Allege Facts Supporting a Claim of a Violation of Title VII of the Civil Rights Act**

Plaintiff alleges she appealed Defendant's denial of disability retirement benefits to the MSPB on January 3, 2014. (Doc. 1, 4.) In denying review of Defendant's decision, the MSPB "did not address the issues and/or allegations of discrimination in violation of Title VII of the Civil Rights Act[.]" (Doc. 1, 4.) When she then complained to the EEOC, she "receive[d] a letter from EEOC the MSPB did not address the issues and/ or allegations of discrimination in violation of Title VII of the Civil Rights Act . . . therefore EEOC does not have jurisdiction I can file a civil action in district court (*sic*)." (Doc. 1, 4-5.) It is unclear from the complaint which entity she is alleging discriminated against her, on what basis she was discriminated against, and the effect of the alleged discrimination. As currently pled, the complaint fails to support a claim that Defendant violated Title VII of the Civil Rights Act.

**a.  Title VII Does Not Prohibit Discrimination on the Basis of Disability**

Plaintiff's claims are based solely on allegations that Defendant discriminated against her based on her disability. (Doc. 1, 4 ("It is alleged I am discriminated against based on my disabilities.").) However, "Title VII does not encompass discrimination on the basis of disability."

5

*Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 n. 8 (9th Cir. 2008); *see also Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir.2007) ("Title VII does not proscribe discrimination on the basis of disability."); *Mitchell v. Chapman*, 343 F.3d 811, 824 n. 12 (6th Cir. 2003) ("Title VII does not address disability discrimination."); *Brennan v. Nat'l Telephone Directory Corp.*, 881 F.Supp. 986, 996–97 (E.D. Pa. 1995) ("[W]hile Title VII prohibits discrimination based upon a person's 'race, color, religion, sex, or national origin,' 42 U.S.C. § 2000e–2, it does not prohibit disability discrimination."). Plaintiff's complaint does not allege discriminatory conduct by Defendant on the basis of a class protected by Title VII.

Though Plaintiff later lists the various categories of race, sex, gender, religion, age, and disability which the "[c]ivil rights violations were based on[,]" that list directly follows and references the "civil rights violations [ ] committed against [her] including botched and/or failed knee replacements and attempt to have [her] right leg amputated (*sic*)." (Doc. 1, 5.) No facts are alleged indicating that Defendant discriminated against Plaintiff on the basis of these categories.

Plaintiff's complaint of discrimination based on disability does not support a claim under Title VII of the Civil Rights Act.

### b.     Plaintiff Has Not Fully Exhausted Her Administrative Remedies

Further, while Plaintiff states that she filed a complaint with the EEOC, she does not describe the underlying EEOC discrimination charge and she does not attach a right to sue letter indicating the permissible scope of claims the Court may hear. (Doc. 1, 4-5.) The Court cannot determine whether there has been substantial compliance with the law's administrative exhaustion requirement, to hear *any* claim against Defendant under Title VII of the Civil Rights Act.

Title VII requires a plaintiff to file an administrative claim with the EEOC against the employer[1] within one hundred and eighty days after the alleged unlawful employment practice occurred. 42 U.S.C § 2000e–5. The EEOC issues a "right-to-sue" notice permitting a civil action to be brought against the employer within ninety days. *Id.*, § 2000e–5(f)(1). Substantial compliance with the administrative exhaustion process is a jurisdictional prerequisite to the filing

---

[1]   The Court also notes that it is unclear from the Complaint whether Defendant is an "employer" under Title VII of the Civil Rights Act.

6

of a civil action against that employer under federal law.  *See Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (Title VII);  *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (Rehabilitation Act).

If plaintiff has filed a charge with the EEOC against Defendant, she "must allege the facts relevant to that charge, including: (1) the alleged violation(s); (2) when the charge was filed; and (3) who it was against.  The charge itself should be attached as an exhibit if possible."  *Whitsitt v. Hedy Holmes Staffing Servs.*, No. 2:13-CV-0117-MCE-AC, 2014 WL 5019667, at *5 (E.D. Cal. Oct. 7, 2014).  A description of the charge to the EEOC and a copy of the right-to-sue notice are necessary to provide the Court with jurisdiction to hear Plaintiff's claims and the permissible scope of its review.  *Leong*, 347 F.3d at 1122.  Plaintiff provides neither.  Without these, the Court cannot determine whether Plaintiff has exhausted her administrative remedies, and whether it has jurisdiction to proceed with the case.

**2.      Plaintiff Does Not Allege Facts Supporting a Claim of Violation of the Rehabilitation Act**

Plaintiff alleges that her Workers' Compensation benefits were terminated in October of 2003, she was "denied the right to due process and terminated on May 9, 2008, without ever [being returned] to work with reasonable accommodations[,]" and she was denied disability retirement in April and December of 2013, all in violation of the Rehabilitation Act.  (Doc. 1, 2-4.)

Though Plaintiff concludes she was denied various benefits "based on [her] disabilities[,]" it is unclear from the complaint how these benefits were denied based on disability.  Instead, Plaintiff provides two rationales for the denial of disability retirement – neither of which are based on her disability.  She alleges she was told to "[g]et another government job" in order to qualify, and she was formally denied disability retirement for not meeting the mandatory age requirement until the year 2020.  (Doc. 1, 4.)

Section 504 of the Rehabilitation Act prohibits any "otherwise qualified individual . . . be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" solely on the basis of his or her disability." 29 U.S.C. § 794(a).  "To establish a violation of Section 504 of the Rehabilitation

Act, a plaintiff must show that: (1) she is handicapped within the meaning of the Rehabilitation Act, (2) she is otherwise qualified for the benefit or services sought, (3) she was denied the benefit or services solely by reason of her handicap, and (4) the program providing the benefit or services receives federal financial assistance." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (citing *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Under the Rehabilitation Act, Plaintiff must show that she was denied benefits by reason of her disability. *Duvall*, 260 F.3d at 1135. Here, Plaintiff does not state facts that plausibly support the conclusion that she was denied disability retirement or Workers' Compensation benefits because of her disability. In fact, the only reasons she identified for Defendant's denial of disability retirement are *not* based on her disability. (Doc. 1, 4.) Plaintiff's conclusory statements that she was denied benefits and "discriminated against based on [her] disabilities" (Doc. 1, 4) are not sufficient to support a cause of action for a violation of the Rehabilitation Act. *See Iqbal*, 556 U.S. at 678 (the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Because Plaintiff has failed to allege facts indicating she was denied any benefit or services solely by reason of her disability, the complaint fails to state a claim under the Rehabilitation Act. *Lovell*, 303 F.3d at 1052.

**B.    Leave to Amend Should Be Granted**

The complaint has not set forth a cognizable federal claim under either Title VII of the Civil Rights Act or the Rehabilitation Act. Because Plaintiff has failed to plead facts invoking the Court's jurisdiction, the complaint must be dismissed. 28 U.S.C. § 1915(e)(2); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND. Plaintiff will be given an opportunity to amend the deficiencies of the complaint as discussed above.

8

Plaintiff is advised that an amended complaint supersedes the original complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220 of the Local Rules of the United States District Court, Eastern District of California. Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

### IV.   CONCLUSION AND ORDER

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED;
2. Plaintiff shall file an amended complaint within 30 days from the date of service of this order; and
3. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **January 5, 2015**              /s/ **Sheila K. Oberto**
                                          UNITED STATES MAGISTRATE JUDGE