# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA HUDSON D.,<br><br>    Plaintiff,<br><br>    v.<br><br>KATHERINE L. ARCHUELETA,<br>Director, Office of Personnel Management,<br><br>    Defendants.<br>_____/ | Case No. 1:14-CV-01855-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S SECOND AMENDED COMPLAINT BE DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>**Objections Due: 28 Days**<br><br>(Doc. 10) |

## I. INTRODUCTION

On March 5, 2015, Plaintiff Dana Hudson D. ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed her Second Amended Complaint ("SAC") against Defendant Katherine L. Archeuleta, the Director of the Office of Personnel Management, apparently in her official capacity ("Defendant"). (Doc. 10.) For the reasons set forth below, IT IS RECOMMENDED THAT Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has stripped virtually all factual allegations and arguments from her SAC. Under the section "Statement Of Claim," Plaintiff asserts that "[u]nder the retirement plans Civil Service Retirement System (CSRS) for disability[,] retirement is five years of service with any age."

(Doc. 10, 1.) Under the section titled "Statement of Facts," Plaintiff alleges she has "'completed' 28 years and 7 months of 'creditable service'" and has "made several requests for disability retirement[,] however [her] requests are repeatedly denied." (Doc. 10, 2.) Plaintiff alleges she has been found permanently and totally disabled since May 28, 2010. (Doc. 10, 2.)

Plaintiff references "a letter of denial" dated December 18, 2013, which apparently denied her request for benefits because she "will not become 62 years of age until January 28, 2020, [and therefore she] do[es] not meet the age requirements for a deferred retirement annuity." (Doc. 10, 2.) No facts describing her eligibility or the process she went through to apply for these benefits are presented, and Plaintiff does not identify the person or agency who apparently determined her ineligibility for these benefits. (*See* Doc. 10, 2.) Plaintiff also does not attach a copy of the letter itself. (*See* Doc. 10.)

Plaintiff apparently disputes the denial of benefits, because she "read on the website of OPM disability retirement for CSRS is any age with five years of service[.]" (Doc. 10, 2 (referring to Exhibit A, which purports to be a copy of the website www.opm.gov/retirement-service/csrs-information/eligibility/).) Plaintiff requests the Court "grant disability retirement" and award any other relief it deems appropriate. (Doc. 10, 2.)

### III. SCREENING STANDARD

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case, and must dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint are capable of being cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint may not simply allege a wrong has been committed and demand relief.  The pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation[;]" the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  (quoting *Twombly*, 550 U.S. at 555, 570).  Further, while factual allegations are accepted as true, legal conclusions are not.  *Id.*  (quoting *Twombly*, 550 U.S. at 555).

## IV.   DISCUSSION

### A.   Plaintiff Fails to Plead a Cognizable Federal Claim

"[A] pro se litigant is not excused from knowing the most basic pleading requirements." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000), cert. denied, 532 U.S. 1008, 121 S.Ct. 1735, 149 L.Ed.2d 659 (2001).  Plaintiff was previously given two opportunities to amend her complaint to state sufficient facts to allege a cognizable federal claim, and was provided with the standard to do so.  However, the SAC does not contain anything approaching a "short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While the SAC is certainly short, even liberally construed Plaintiff's conclusory "Statement of Claim" that "[u]nder the retirement plans Civil Service Retirement System (CSRS) for disability retirement is five years of service with any age" does not state a cognizable legal claim.

Further, sifting through the minimal factual allegations in Plaintiff's "Statement of Facts" provides no basis for the Court to cobble together a cognizable claim.  The SAC fails to even set forth "an unadorned, the-defendant-unlawfully-harmed-me accusation," let alone allege "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).  The SAC fails to set forth any facts demonstrating that Plaintiff has been harmed, that Defendant is the party who harmed her, that there is a legal method of redress for this harm, or that this Court has the jurisdiction to provide that method of redress.

//

//

**B.     Leave to Amend Should Not Be Granted**

Plaintiff has had three opportunities to state a cognizable claim, and has proven unable to marshal facts sufficient to constitute a cognizable federal claim.  "Complaints that are filed in repeated and knowing violation of Federal Rule 8's pleading requirements are a great drain on the court system, and the reviewing court cannot be expected to 'fish a gold coin from a bucket of mud.'"  *Knapp v. Hogan*, 738 F.3d 1106, 1111 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 57 (2014) (quoting *U.S. ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).  Regardless of whether there may be merit to Plaintiff's actual claim – whatever it may be – Plaintiff has demonstrated that an additional opportunity to amend her complaint would be futile.  *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("The propriety of dismissal for failure to comply with [Fed. R. Civ. P. 8] does not depend on whether the complaint is wholly without merit.")

For the above reasons, Plaintiff's claims should be dismissed with prejudice and without leave to amend.

### IV.     CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED with prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-eight (28) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *See, e.g., Wilkerson v. Wheeler*, 772

//

//

//

4

F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

| Dated: **April 3, 2015** | **/s/ Sheila K. Oberto** |
|---|---|
| | UNITED STATES MAGISTRATE JUDGE |